UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910,<br><br>and<br><br>Elizabeth Southerland 6327 Karmich St., Fairfax Station, VA 22039<br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, NW (2822T) Washington, DC 20460<br><br>    *Defendant*. | Civil Action No. 18-cv-772<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, and the Privacy Act, 5 U.S.C. § 552a, to compel the United States Environmental Protection Agency ("EPA" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA and Privacy Act request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On July 31, 2017, Dr. Elizabeth Southerland retired from the EPA after a distinguished thirty-year career with the agency. Concurrent with her retirement, Dr. Southerland released a farewell message detailing that she was retiring due to her grave concern with the recent direction and actions of the agency and proposed budget cuts. Dr. Southerland's retirement and farewell message received national media attention. In response to her retirement, the EPA, Office of Public Affairs, questioned both the veracity of Dr. Southerland's statements and her motivation for making them.

4. On October 18, 2017, Plaintiff electronically sent to the Defendant a FOIA/Privacy Act request along with a Privacy Act statement and authorization to release information to PEER from Dr. Southerland.  This request sought all internal communications and external communications with any news media representatives concerning Dr. Southerland from July 31, 2017 to the present.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

7. The Privacy act requires that federal agencies provide an individual access to records or information contained in a system of records and pertaining to him upon request. 5 U.S.C. § 552a(d).

8. The Privacy Act allows an individuals' records to be released to a third party "with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).

9. EPA regulations require a determination on Privacy Act requests within 20 working days or an explanation of the "reasons for the delay, and an estimate of when a decision will be made." 40 C.F.R. 16.6(b).

10. To date, Defendant has failed to make a determination on the request or to produce any records in response to Plaintiff's October 18, 2017, FOIA/Privacy Act request, Tracking Number EPA-HQ-2018-000714.

11. Defendant's conduct amounts to a denial of Plaintiff's FOIA/Privacy Act request. Defendant is frustrating Plaintiff's efforts to determine whether confidential information was illegally shared in violation of the Privacy Act and the nature of EPA officials' communications intended to discredit Dr. Southerland and the statement she issued when she retired, and to influence media coverage of these matters.

12. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA/Privacy Act request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action under FOIA, 5 U.S.C. § 552(a)(4)(B) and the Privacy Act, 5 U.S.C. § 552a(g). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

14. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

15. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia). Venue is also proper under 5 U.S.C. § 552a(g)(5) (providing for venue in Privacy Act suits where the plaintiff resides, or where the records are situated, or in the District of Columbia).

16. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E) (FOIA) and 5 U.S.C. § 552a(g)(3)(B) (Privacy Act).

## PARTIES

17. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

18. Plaintiff, Elizabeth Southerland is a former EPA employee on whose behalf PEER made the FOIA/Privacy Act request involved in this case

19. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

20. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

21. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA and the Privacy Act. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

22. On July 31, 2017, Dr. Southerland retired after a distinguished career of over thirty years at the EPA.

23. On August 1, 2017, Dr. Southerland, through Plaintiff, released a farewell message detailing her concerns about proposed budget cuts to the EPA and state, and tribal environmental programs; the promotion of myth over science, and efforts to repeal environmental protection rules, leading to increased public health and safety risks and a degraded environment.

24. Dr. Southerland's retirement and farewell message received national media attention with stories appearing in publications, including *The Washington Post* and *The Hill*.

25. In response to Dr. Southerland's retirement and farewell message, EPA spokesman Jahan Wilcox stated "it's hard to believe that Elizabeth Southerland is retiring because

of a budget proposal and not because she's eligible for her government pension," disregarding the multitude of reasons she had stated in her farewell letter as the impetus for her resignation and questioning her motivations.

26. On October 18, 2017, Plaintiff, on behalf of Dr. Southerland, sought information concerning EPA communications regarding her following her retirement from EPA and her public statements about the agency pursuant to FOIA and the Privacy Act. PEER sought this information as a result of concern over the EPA's public response to Dr. Sutherland questioning her honesty and motives, and due to the possibility that her rights under the Privacy Act were violated in an effort to discredit her and create positive media spin for the EPA.  PEER also sought these materials to help the public understand how the current EPA leadership responds to reports by senior employees regarding major public health and environmental issues.  Specifically, PEER requested:

    *All internal communications and external communications with any news media representatives concerning Dr. Southerland from July 31, 2017 to the present.*

27. Along with the FOIA/Privacy Act request, PEER submitted a signed statement from Dr. Southerland pursuant to the Privacy Act, 5 U.S.C. § 552a(b), authorizing release of any responsive information that concerned her to PEER.

28. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond to the FOIA request or to assert the need to extend this time limit due to unusual circumstances. *See also* 40 C.F.R. § 2.104. The FOIA also provides that upon request, agencies are to make records "promptly available."  5 U.S.C. § 552(a)(3)(A).

29. The Privacy Act provides, 5 U.S.C. § 552a(d), that Defendant shall provide access to records or information contained in a system of records and pertaining to the requestor. Defendant is authorized to make records kept on individuals available when they have been provided with prior written consent from the individual. 5 U.S.C. § 552a(b).

30. Pursuant to EPA regulations, Defendant had twenty working days from the date of receipt of the Privacy Act request to grant the request or to inform the requestor "reasons for the delay, and an estimate of when a decision will be made." 40 C.F.R. 16.6(b).

31. On October 18, 2017, EPA sent Plaintiff an email acknowledging receipt of Plaintiff's FOIA/Privacy Act request and assigning it Tracking Number EPA-HQ-2018-000714.

32. Since that time, Plaintiff's counsel and EPA FOIA staff have had multiple phone calls regarding the FOIA/Privacy Act request. In early January, Plaintiff's counsel was informed that collection of the documents would begin in mid-January. In mid-January, Plaintiff's counsel was informed that a search had been conducted and an initial release would occur in late January. In subsequent calls throughout February and March, Plaintiff's counsel was told that the responsive documents had been identified and would all be released together shortly. However, Defendant has yet to produce any determination on the request or responsive records pursuant to the request.

33. Twenty working days from October 18, 2017 (the date that Plaintiff's request was received according to the agency's confirmation of the request) was November 16, 2017. As of this April 5th, 2018 filing, Plaintiff has received neither a determination on its October 18, 2017, FOIA/Privacy Act request nor any responsive records.

34. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits under FOIA. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its

administrative remedies for its October 18, 2017, FOIA/Privacy Act request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, and the Privacy Act's guarantee of access to records maintained on individuals, along with the remedies available when an agency withholds that access.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

35. Plaintiff incorporates the allegations in the preceding paragraphs.

36. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Environmental Protection Agency regulations promulgated thereunder, 40 C.F.R. § 2.100 *et. seq*.

### Violation of the Privacy Act

37. Plaintiff incorporates the allegations in the preceding paragraphs.

38. Defendant's failure to provide the records requested violates the Privacy Act, 5 U.S.C. § 552a, and the agency's own regulations promulgated thereunder. 40 C.F.R. 16.1 *et. seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

   ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Privacy Act and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and U.S.C. § 552a(g)(3)(B); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 5, 2018,

   /s/   Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
acarlesco@peer.org

*Counsel for Plaintiff*